UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SERINA GUILLORY** | : | **CIVIL NO. 2:13-cv-01980** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **PROGRESSIVE PALOVERDE INSURANCE COMPANY** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is the motion to remand [doc. 4] filed by plaintiff Serina Guillory (hereafter, "Guillory"). For the following reasons, IT IS ORDERED that the motion is hereby DENIED.

#### I. BACKGROUND

On May 20, 2013, Guillory sued defendant Progressive Paloverde Insurance Company (hereafter, "Progressive") in its capacity as Guillory's uninsured/underinsured motorist carrier. Doc. 1, att. 2, p. 1. Guillory filed suit in the 33rd Judicial District Court in and for Allen Parish, Louisiana. *Id*. The petition for damages alleged that Progressive was liable for injuries sustained in a November 10, 2011, car accident with Mr. Ronald Strother, an uninsured motorist. *Id.* at 2.

On June 19, 2013, Progressive timely removed the case to this court. Doc. 1, p. 1. Progressive asserts that the matter involves a controversy between citizens of different states and that the amount in controversy is over $75,000. *Id.* at 2. Therefore, Progressive claimed that this court has subject matter jurisdiction under 28 U.S.C. § 1332. *Id.*

-2-

In response to the removal, Guillory filed a "stipulation" simply stating that Guillory "desires to stipulate that her claim asserted . . . does not exceed $75,000. Doc. 3, p. 1. One month after the stipulation, Guillory filed the instant motion to remand. Doc. 4. Guillory contends that her stipulation affirmatively establishes that her claim is for less than $75,000. Doc. 4, att. 1, p. 1. Guillory states that Progressive, "based upon the stipulation, does not oppose the motion to remand." *Id.* at 2. Progressive did not respond to the motion.

## II. LAW & ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

### A. Diversity

The parties do not dispute the existence of complete diversity. Guillory was domiciled in Louisiana both at the time of removal and at the time the case was filed. Doc. 1, pp. 2–3. Progressive[1] was an Indiana corporation with its principal place of business in Ohio. *Id.* Therefore, there is complete diversity among the parties under 28 U.S.C. § 1332. The only remaining question is whether the jurisdictional amount in controversy is satisfied.

---

[1] Progressive points out that Guillory's suit is not a "direct action" under the meaning of 28 U.S.C. § 1332(c)(1). Doc. 1, p.3. Accordingly, Progressive does not assume Guillory's Louisiana domicile in the instant case. *Crescent City Pediatrics v. Bankers Ins. Co.*, 459 F. Supp. 2d 510, 513 (E.D. La. 2006).

-3-

### B. Amount in Controversy

Louisiana law forbids plaintiffs in state court from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000) (citing La. Code Civ. Proc. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent that the amount in controversy exceeds $75,000.00, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy. *Lucket*, 171 F.3d at 298.

Even if a defendant meets this burden, remand is still proper if the plaintiff demonstrates that it is legally certain that its recovery will not exceed the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Plaintiffs can meet this burden by filing a pre-removal binding stipulation or affidavit affirmatively renouncing their right to accept a judgment in excess of $75,000.00. *Id.* at 1412 (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam).

Post-removal affidavits or stipulations do not deprive the district court of jurisdiction and they are not to be considered in support of remand unless, at the time of removal, the amount in controversy is ambiguous. *Gebbia*, 233 F.3d at 883 (citing *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993)). This is because the amount in controversy is determined on the basis of the record as it exists at the time of removal. *Pescadores*, 988 F.2d at 565.

It appears that Progressive does not dispute remand based on Guillory's amount-in-controversy stipulation. *See* doc 4. Nevertheless, the stipulation is without effect. In order to be binding, a stipulation must be filed before removal and affirmatively renounce the right to collect damages in excess of the stipulated amount. *De Aguilar*, 47 F.3d at 1409. Guillory's stipulation was filed after removal and contains no affirmative renunciation. Doc. 3. Accordingly, the stipulation is not binding and does not affect the jurisdictional analysis.

Furthermore, we conclude that it is facially obvious from Guillory's petition that the amount-in-controversy is satisfied. Doc. 1, pp. 3–4. Guillory claims numerous elements of damages, including:

- statutory penalties and attorneys' fees;
- past and future pain and suffering, both mental and physical;
- past and future medical travel expenses;
- past and future medical expenses
- past and future disability and impairment;
- past and future loss of enjoyment of life; and
- past and future mental anguish.

Doc. 1, att. 2, p. 3. Considering the nature Guillory's medical claims[2] along with her other elements of damages, it is obvious that the amount-in-controversy exceeds $75,000.

Insofar as the amount-in-controversy is not ambiguous, Guillory's post-removal stipulation is irrelevant. *See Gebbia*, 233 F.3d at 883. Thus, even if Guillory's stipulation were binding, it would not be considered in support of remand. *Id.*

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Guillory's motion to remand [doc. 5] is hereby DENIED.

---

[2] Guillory alleges a spinal injury as a result of the accident, which causes her severe neck, shoulder, and lower-back pain and has already required two MRIs. Doc. 1, att. 2, p 1. Guillory also alleges knee pain, which necessitated a third MRI. *Id.*

THUS DONE this 25th day of November, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE